# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-790V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
MICHAEL MCCOLLUM,                    *
                                     *        Special Master Corcoran
                Petitioner,          *
                                     *        Dated: November 28, 2017
v.                                   *
                                     *        Attorney's Fees and Costs;
                                     *        Interim Fees.
SECRETARY OF HEALTH AND              *
HUMAN SERVICES,                      *
                                     *
                Respondent.          *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Alexis Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 29, 2014, Michael McCollum filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that as a result of receiving the influenza vaccine in October 2011, he suffered from narcolepsy and cataplexy. *See* Petition at 1. After expert filings from both parties, I scheduled the matter for an entitlement hearing, which took place on April 4, 2017. *See* Prehearing Order, dated December 16, 2016 (ECF No. 38).

---

[1] Although this decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On September 15, 2017, I issued a decision denying compensation. *See* Decision, dated Sept. 15, 2017 (ECF No. 46). Petitioner filed a motion for reconsideration of my decision, which I denied on October 12, 2017. *See* Order Denying Motion for Reconsideration, dated Oct. 12, 2017 (ECF No. 49). Shortly thereafter, Petitioner filed a motion for review, which remains pending. *See* Motion for Review, dated Oct. 16, 2017 (ECF No. 51).

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $106,727.95 (representing $67,030.22 in attorney's fees and $39,697.73 in costs). *See* Motion for Interim Attorney's Fees and Expenses, dated Nov. 1, 2017 (ECF No. 53) ("Interim Fees App."). This is the first such request in this action.

Respondent reacted to the motion on November 15, 2017, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award and the amount to be awarded, if any. *See* Response to Motion for Interim Attorney's Fees and Costs, dated Nov. 15, 2017 (ECF No. 56) at 2.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$96,322.41.**

## Procedural History

This action has been pending for over three years. As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Richard Gage, Esq., began working on the matter on January 15, 2014, six months before the case was filed. *See* Interim Fees App., Tab C. During that period of time, it appears that Mr. Gage (and his associates) was performing record collection and contacting experts. *Id*. Petitioner filed complete medical records on November 24, 2014 (three months after the case was filed). The case was delayed slightly thereafter because of issues related to proof of vaccination. Respondent filed his Rule 4(c) Report in April 2015. *See* Respondent's Rule 4(c) Report, dated Apr. 20, 2015 (ECF No. 13).

The parties then began filing expert reports, while obtaining records establishing proof of vaccination, a process that was not completed until August 2016. I ultimately determined that the disputed issues in the case necessitated an entitlement hearing. As previously mentioned, that hearing was held on April 4, 2017.

Seven months after the hearing took place, Petitioner filed the present interim request for an award of attorney's fees and costs, which encompassed his work through the filing of his motion for review (filed on October 16, 2017). *See generally* Interim Fees App. Petitioner specifically requests that Mr. Gage be compensated at hourly rates of $299.64, $300, $311, and $318 for work performed from 2014-2017, respectively. Petitioner also requests reimbursement for Mr. Gage's associates and paralegals. Interim Fees App. The associates billed for work only in 2017 to assist

with filing the motion for review at hourly rates of $251.00 to $252.00. *Id*. at Tabs D-E. The paralegals billed for work from 2014-2017 at varying rates from $112-$120. *Id*. at Tab F.

Substantial costs have also been incurred in the matter for record collection, expert opinions, and travel expenses. The total for all such cost categories is $39,697.73. Interim Fees App. at Tab G.

**ANALYSIS**

I.   **Legal Standard Applicable to Interim Fees and Costs Requests**

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here, meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.[3]

Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, *slip op.* at 3 (Apr. 17, 2017). This matter meets all of those criteria. It has been pending for over three years, the total amount of attorney's fees requested also exceeds the minimum threshold that I find to be appropriate, and Petitioner has incurred substantial expert costs, exceeding $15,000. The fact that the matter has been tried is also a relevant consideration. While I do not always find an interim fees award appropriate, this case merits an interim award.

---

[3] Of course, a petitioner requesting an interim fee award must also establish that the claim was filed in good faith and possesses reasonable basis. *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Respondent has not contested either point, however, and I find that the case was pursued in good faith, and also that it presented a more than objectively reasonable dispute about the propensity of the H1N1 flu vaccine to cause narcolepsy. Accordingly, these interim fee requirements are satisfied.

## II. Amounts Requested for Petitioner's Attorneys

I must now evaluate what the magnitude of Petitioner's interim attorney's fee award should be. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2014-2017 as detailed above. I have previously found that the attorneys practicing at The Richard Gage, P.C. law firm (located in Cheyenne, Wyoming), are not "in-forum," and thus not entitled to the forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *see Auch*, 2016 WL 3944701. In *Auch*, which only involved work performed through 2015, I awarded hourly rates of $294.86, $299.64, and $300.00 for 2013-2015, respectively, basing my yearly increase on the consumer price index ("CPI"). *Auch*, 2016 WL 3944701, at *12.

In the present request, Petitioner requests rates for 2014-2015, plus 2016-2017 ($311, $318). Interim Fees App., Tab C. The special masters, however, currently favor using the producer price index for the office of lawyers ("PPI-OL") as the rate inflator rather than the CPI. I will not adjust the rates that I previously awarded in *Auch* for 2014 and 2015, but I will adjust the rates for 2016 and 2017 consistent with the PPI-OL. Thus, the rate for 2016 for Mr. Gage that I award

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

herein is $306.00 per hour, and the hourly rate for 2017 is $314.00.[5]

The hours expended on this matter otherwise appear to be reasonable. Applying these new rates to the time requested for Mr. Gage results in a reduction of $3,200.98.[6] I also find that the rates requested by the associates and paralegals are reasonable and will be awarded. Thus the new total to be awarded for all attorney's fees is $63,829.24.

## III. Requested Costs

Petitioner also requests an interim award of costs incurred in acquiring medical records, obtaining an expert opinion, and traveling for hearing. I will award the first category in full for a total of $1,970.65. As for the second category, while I will award the majority of the expert costs, I will reduce the hourly rate of Dr. Kinsbourne. He billed at an hourly rate of $500 for substantive medical research and drafting, and a travel rate of $250 per hour. Interim Fees App. at Tab G. I will reduce his rate to $400 per hour ($200 per hour for travel), consistent with that awarded to Dr. Kinsbourne by other special masters. *See e.g., Faoro v. Sec'y of Health & Human Servs.*, No. 10–704V, 2014 WL 5654330, at *4 (Fed. Cl. Spec. Mstr. Oct. 15, 2014). After the reduction ($6,805.00), the total that will be awarded for expert costs is $27,430.00.

For the final cost category related to travel, lodging, and meals for the hearing held in Washington, DC, I will make several reductions. The total cost for these expenses was $3,492.08. At the outset, I will cut the cost of the taxi to get to the hearing on April 4, 2017 ($50.19), as counsel arrived to the hearing more than 15 minutes after the proceedings were supposed to begin at 9:00am. The receipt filed from the that ride indicate that Mr. Gage gave himself 45 minutes to get the hearing from a hotel located in a suburb outside of DC—Alexandria, Virginia.[7]

I will also reduce the amount expended for lodging. Both Dr. Kinsbourne and Mr. Gage were present in Washington, DC for the hearing—although they stayed at a hotel in Alexandria, Virginia—and stayed for two nights. In total, the hotel costs were $1,555.94, with nightly rates of

---

[5] The special masters have found the PPI-OL to be a persuasive as a measure of inflation. *See OSM Attorneys' Forum Hourly Rate Fee Schedules 2017*, United States Court of Federal Claims, http://www.uscfc.uscourts.gov/node/2914 (last accessed Oct. 11, 2017). The PPI-OL rate for 2016 was derived by multiplying Mr. Gage's 2015 rate, consistent with *Auch*, of $300 by the PPI-OL index for January 2015 (196.8) and then dividing by the PPI-OL index for January 2014 (192.7), after rounding to the nearest dollar, the hourly rate for 2016 came to $306. Similarly to calculate the 2017 rate, the 2016 hourly rate was multiplied by the PPI-OL index for January 2016 (201.8) and then divided by the PPI-OL index for January 2015 (196.8), after rounding to the nearest dollar, the hourly rate for 2017 came to $314.

[6] This also includes a reduction in the hourly rate for travel. Although the billing invoice for Mr. Gage purports to use a half rate for travel, the rate was not actually reduced in the calculation of his fees. This resulted in a $2,766.60 reduction. Interim Fees App. at 17.

[7] Mr. Gage is admonished that future tardiness, caused by allowing too little time to commute to the city, will not be tolerated.

$309, $319, and $329. Interim Fees App., Tab G. I find that this rate is high, and I will reduce it consistent with the federal government's per diem rate of $242 (before tax) for lodging in the DC metro area, and consistent with prior special master's decisions. *See FY 2017 Per Diem Rates for District of Columbia, Virginia*, GSA, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=VA&fiscal_year=2017 (last accessed, Nov. 28, 17); *Dayton v. Sec'y of Health & Human Servs.*, No. 15-0589V, 2016 WL 8377512, at *1 (Fed. Cl. Spec. Mstr. Nov. 17, 2016). That results in a reduction of $308 for all lodging expenses.

Similarly, I will reduce the amount spent on food for Mr. Gage and Dr. Kinsbourne. The federal government per diem for food is $69 per person. Thus each day, I will award a maximum of $138, because it appears that Mr. Gage paid for all the meals. Only on the day of the hearing was that maximum reached, and I will accordingly reduce the meals award by $41.37. The remaining travel costs for flights, taxis, and parking will be awarded in the amount of $1,667.69. The total reduction to the costs requested is $7,204.56, and the total to be awarded is $32,493.17.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees.

|  | Requested | Reduction | New Total |
|---|---|---|---|
| Mr. Gage's Attorney's Fees | $44,884.02 | $3,200.98 | $41,683.04 |
| Other Fees (Associate, Law Clerk and Paralegals) | $22,146.20 | $0 | $22,146.20 |
| Costs-Medical Records, Filing Fee, and Transcript | $1,970.65 | $0 | $1,970.65 |
| Costs- Expert Opinion of Dr. Kinsbourne | $34,235.00 | $6,805.00 | $27,430.00 |
| Costs- Hotel and Meals | $1,774.20 | $349.37 | $1,424.83 |
| Costs- Flights, Taxis, and Parking | $1,717.88 | $50.19 | $1,667.69 |
| **Total Requested: $106,727.95** | | **Total Reduction: $10,405.54** | |
| **Grand Total After Reduction: $96,322.41** | | | |

I therefore award a total of **$96,322.41** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Richard Gage, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[8]

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master
