# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-790V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
MICHAEL MCCOLLUM,                  *
                                   *         Special Master Corcoran
                  Petitioner,      *
                                   *         Dated: August 5, 2019
v.                                 *
                                   *         Attorney's Fees and Costs;
                                   *         Final Award
SECRETARY OF HEALTH AND            *
HUMAN SERVICES,                    *
                                   *
                  Respondent.      *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Alexis Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 29, 2014, Michael McCollum filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that as a result of receiving the influenza vaccine in October 2011, he suffered from narcolepsy and cataplexy. *See* Petition at 1 (ECF No. 1). An entitlement hearing took place on April 4, 2017, and five months later I issued a decision denying compensation. *See* Decision, dated Sept. 15, 2017 (ECF No. 46). Petitioner appealed that determination, was unsuccessful, and then appealed to the Federal Circuit, where he was again unsuccessful, concluding the matter.

---

[1] Although this decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner requested an interim award of attorney's fees and costs in November 2017, and I awarded him the sum total of $96,322.41, for work performed on the matter through the hearing date and up to the date of the interim request. Interim Fees Decision, dated Nov. 28, 2017 (ECF No. 58) ("Interim Fees Decision"). Now, Petitioner has interposed a final fees and costs request, seeking an additional award of $81,802.78 for all remaining work performed in this case (primarily associated with litigating the motion for review to the Court of Federal Claims, followed by the Federal Circuit appeal). Motion, dated June 13, 2019 (ECF No. 75) ("Final Fees Mot.").

As the pending motion indicates, Petitioner requests $73,664.60 for the work of two attorneys (Richard Gage and Kristen Blume) from early November 2017 through June 2019 and the preparation of the pending fees motion. Final Fees Mot. at 3–17 (Tabs A and B). For Mr. Gage, Petitioner requests $318 per hour for 2017 work; $326 per hour for 2018 work; and $338 for 2019 work. *Id.* at 21–25 (Tab D). For Ms. Blume, Petitioner asks for $251 per hour for 2017–18. *Id.* at 27–28 (Tab E). In addition, Petitioner seeks $3,120 in paralegal charges (*id.* at 30–33 (Tab F)), $2,313.11 in attorney costs (copying and travel for appellate oral arguments (*id.* at 35–46 (Tab G)), and $2,705.07 incurred by Petitioner personally in travel costs associated with the April 2017 entitlement hearing (*id.* at 48–56 (Tab H)). Respondent reacted to the Final Fees Motion on June 20, 2019, expressing satisfaction that the statutory requirements for a fees award had been met, but deferring the calculation of that award to my discretion. Response, dated June 20, 2019 (ECF No. 76).

Having reviewed Petitioner's Final Fees Motion and the documents filed in its support, I find that the motion is well-taken, and consistent with the determinations in my prior Interim Fees Decision. Although this claim was not successful, it had ample reasonable basis, was litigated in good faith, and raised complex issues of medicine and science upon which reasonable minds could differ, so fees are appropriate. Moreover, the rates requested are consistent with my Interim Fees Decision (as well as other recent relevant decisions),[3] and the total hours devoted to the appeals were largely reasonable. I also find the costs requested are fair.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. I award (a) **$79,097.71** in fees and costs in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Richard Gage, Esq., and (b) **$2,705.07** in the form of a check payable to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

---

[3] *See, e.g.*, *Woolf v. Sec'y of Health & Human Servs.*, No. 17-908V, 2019 WL 2498774 (Fed. Cl. Spec. Mstr. May 23, 2019) (awarding attorney's fees to Mr. Gage and Ms. Blume at the rates requested herein).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master